**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

BRANDON C.,

                Plaintiff,

    v.                                                       5:21-cv-00159 (AMN/ATB)

COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.

---

**APPEARANCES:**                                    **OF COUNSEL:**

**OLINSKY LAW GROUP**                    **HOWARD D. OLINSKY, ESQ.**
250 South Clinton Street – Suite 210
Syracuse, New York 13202
*Attorneys for Plaintiff*

**SOCIAL SECURITY ADMINISTRATION**      **KATHRYN POLLACK, ESQ.**
Office of the General Counsel                    **MOLLY CARTER, ESQ.**
6401 Security Boulevard
Baltimore, Maryland 21235
*Attorneys for Defendant*

**Hon. Anne M. Nardacci, United States District Judge:**

**AMENDED ORDER**

**I.    INTRODUCTION**

On February 10, 2021, Plaintiff Brandon C.[1] commenced this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income benefits.

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect his privacy.

Dkt. No. 1. Plaintiff sought and was granted leave to proceed *in forma pauperis*. Dkt. Nos. 3, 5. This matter was referred to United States Magistrate Judge Andrew T. Baxter, who, on May 15, 2023, issued a Report-Recommendation recommending that the Court reverse the Commissioner's decision and remand this action for further proceedings. Dkt. No. 26 at 14.[2] Magistrate Judge Baxter advised the parties that they had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id*. Neither party has filed any objections to the Report-Recommendation and the time for filing objections has expired.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety and imposes additional conditions.

## II.     STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendations that have been properly preserved with a specific objection. 28 U.S.C. § 636(b)(1)(C); *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012). If no specific objections have been filed, this court reviews a magistrate judge's report-recommendations for clear error. *See id*. at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). "When performing such a clear error review, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Dezarea W. v. Comm'r of Soc. Sec.*, No. 6:21-CV-01138 (MAD/TWD), 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367 (GTS/WBC), 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)). After appropriate review, "the court may accept, reject or modify, in

---

[2] Magistrate Judge Baxter set forth a complete recitation of the procedural history in the Report-Recommendation, Dkt. No. 26 at 1-2.

whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

Because neither party has filed objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

Magistrate Judge Baxter noted that both parties agree a remand is necessary in this case, and the only question is "whether the appropriate remedy … is remand for the calculation of benefits, or … for further administrative proceedings." Dkt. No. 26 at 9[3] (citing Dkt. Nos. 23, 24).[4] Magistrate Judge Baxter recommended that the Commissioner's decision be remanded for further administrative proceedings because the administrative law judge ("ALJ") did not apply the correct legal standards in finding that plaintiff was not disabled and there is conflicting evidence in the record as to whether plaintiff satisfied the criteria for being disabled. *Id.* at 9, 12-13.

Magistrate Judge Baxter concluded that remand for an administrative hearing would not be a "futile exercise" because there is conflicting evidence as to whether Plaintiff met the standard for disability. *Id.* at 12.[5] Specifically, Magistrate Judge Baxter found that while the opinion

---

[3] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

[4] Magistrate Judge Baxter noted that while the Commissioner concedes that the ALJ "did not adequately explain how he evaluated the opinions of [P]laintiff's treating providers," the Commissioner argues that remand for further administrative hearings is appropriate because the record "contains conflicting evidence, including several opinions which fully supported the ALJ's findings." Dkt. No. 26 at 9 (citing Dkt. No. 23 at 3). Plaintiff argues in response that remand for a calculation of benefits is appropriate because the "opinions of the non-examining and consulting medical experts are not supported by substantial evidence in the record and are not capable of supporting a new non-disabling finding," and if the Court does not find remand for a calculation of benefits appropriate, Plaintiff in the alternative seeks remand for further administrative proceedings. *Id.* at 10 & n.1 (citing Dkt. No. 24 at 3, 5) (internal quotation marks omitted).

[5] Magistrate Judge Baxter explained that a remand exclusively for a calculation of benefits is only appropriate when there is "no basis to conclude that a more complete record might support the Commissioner's decision" that the claimant was not disabled. *Id.* (citing *Butts v. Barnhart*, 388

evidence "arguably provide[s] a basis to find that the [P]laintiff may have met the standard for disability between August 25, 2014 and December 6, 2018," there is evidence in the record "which, arguably, contradicts" the opinions of Plaintiff's treating providers.[6] *Id.*; *see also Thomas T. on behalf of E.G.T. v. Comm'r of Soc. Sec., No.* 5:21-CV-1225 (BKS/DEP), 2023 WL 2049526, at *5 (N.D.N.Y. Jan. 31, 2023), *report and recommendation adopted,* 2023 WL 2048560 (N.D.N.Y. Feb. 16, 2023) ("Due to the nature of the errors here, where there is conflicting opinion and medical evidence that the ALJ has not properly resolved, rendering a finding that there is persuasive evidence of disability based on the fact that there are multiple opinions in plaintiff's favor would essentially require the court to usurp the powers of the ALJ and resolve such conflicts in the first instance.").[7] Ultimately, Magistrate Judge Baxter determined that remand for an administrative hearing is the "appropriate course" for the "agency to properly consider and weigh all of the evidence." *Id.* at 13.

In formulating an appropriate remedy, Magistrate Judge Baxter considered "the hardship to [Plaintiff] of further delay," *see Butts*, 388 F.3d at 387, and whether the Commissioner "has already been afforded 'multiple opportunities'" to carry her burden, *see Steven C. v. Comm'r of Soc. Sec.*, 529 F. Supp. 3d 132, 140-41 (W.D.N.Y. 2022). Magistrate Judge Baxter noted that

---

F.3d 377, 385 (2d Cir. 2004)).

[6] Magistrate Judge Baxter found that the opinions of Dr. Shapiro, Dr. Reddy and Dr. Noia, "along with, perhaps, some of the treating providers' own contemporaneous treatment notes and [P]laintiff's purported activities of daily living," could arguably contradict the opinions of Plaintiff's treating providers. Dkt. No. 26 at 12.

[7] Magistrate Judge Baxter also found that it was not clear whether the ALJ "applied the deferential treating physician rule to the opinions of [P]laintiff's treating providers." Dkt. No. 26 at 12. *See Lawrence v. Saul*, No. 19-CV-6167L, 2020 WL 5500535, at *2 (W.D.N.Y. Sept. 11, 2020) ("In general, the opinion of a claimant's treating physician as to the nature and severity of [his] impairments is entitled to "'controlling weight' so long as it 'is well-supported ... and is not inconsistent with the other substantial evidence in the case record.'").

Plaintiff filed his initial application for disability on August 25, 2014, approximately nine years ago, and this case was remanded twice by this court. *Id.* at 1-2, 11.[8] Magistrate Judge Baxter also found that Plaintiff's hardship was lessened "to some extent" by the fact that Plaintiff had been awarded Social Security disability benefits on December 7, 2018, based on a separate application. *Id.* at 12.[9] To alleviate Plaintiff's hardship, Magistrate Judge Baxter recommended ordering the proceedings expedited on remand to be completed within 120 days. *Id.* at 13-14.

This Court agrees with Magistrate Judge Baxter's analysis and conclusions and finds that remand for a new administrative hearing is warranted due to the conflicting medical evidence. In addition, as it has been approximately nine years since Plaintiff filed his initial application for benefits, to prevent further undue delay, the Court imposes the following deadlines: First, the ALJ must complete all further administrative proceedings within 120 days of the date of the prior Order, Dkt. No. 27. Second, the Commissioner must issue a final decision within 60 days of any appeal from a denial.[10] Finally, within 120 days of the Court's prior Order, Dkt. No. 27, the

---

[8] Magistrate Judge Baxter found it "of some relevance" that the second remand order was due to a technical issue with the recording process during the administrative hearing, not a "deficient analysis by the ALJ." Dkt. No. 26 at 2, 11 (citing Dkt. No. 13).

[9] On December 7, 2018, Plaintiff filed a new application for Supplemental Security Income. Dkt. No. 26 at 2 (citing Dkt. No. 15-9 at 61-62). The Social Security Administration initially denied this claim, but on reconsideration, the Agency found Plaintiff disabled as of December 7, 2018. *Id.* at 11-12 (citing Dkt. No. 15-9 at 56, 76). Magistrate Judge Baxter noted that Plaintiff's award of benefits "relied on significantly different evidence" and is not "dispositive in this court's determination" as to the type of remand that is appropriate. *Id.* at 13 (citing *Caron v. Colvin*, 600 F. App'x 43, 44 (2d Cir. 2015)).

[10] Courts have recognized that disability determinations are "often painfully slow" and "a remand for further evidentiary proceedings (and the possibility of further appeal) could result in substantial, additional delay." *Michaels v. Colvin,* 621 F. App'x 35, 41 (2d Cir. 2015) (citation omitted). To alleviate such hardship, courts frequently impose a deadline on the Commissioner to make a final decision. *See, e.g., Michaels*, 621 F. App'x at 41 (120 days to complete further proceedings); *Urena v. Berryhill,* No. 18-CV-3645 (JLC), 2019 WL 1748131, at *16 (S.D.N.Y. Apr. 19, 2019) (same); *Morales v. Berryhill,* No. 17-CV-9315 (JLC), 2018 WL 6381049, at *26 (S.D.N.Y. Dec. 6, 2018) (same); *Gonzalez-Cruz v. Comm'r of Soc. Sec.*, 16-CV-6613 (MWP), 2018 WL 3151656, at *3 (W.D.N.Y. June 27, 2018) (same); *Cruz v. Colvin*, 15-CV-1463 (AJP),

Commissioner shall file a status letter as to the progress made on resolving Plaintiff's claim.[11]

Having reviewed the Report-Recommendation for clear error, and found none, the Court adopts the Report-Recommendation in its entirety.

## IV.     CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 26, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that the Commissioner's decision be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings; and the Court further

**ORDERS** that the Commissioner shall conduct and complete remand proceedings within 120 days from the date of the Court's prior Order, Dkt. No. 27, and if upon remand the ALJ denies Plaintiff's claim, the Commissioner must issue a final decision within 60 days of any appeal from that denial; and the Court further

**ORDERS** that the Commissioner shall provide a status letter to the Court, within 120 days of the Court's prior Order, Dkt. No. 27, as to the progress made on resolving Plaintiff's claim; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     November 20, 2023
           Albany, New York

Anne M. Nardacci
U.S. District Judge

---

2015 WL 5813158, at *1 (S.D.N.Y. Oct. 6, 2015) (same).

[11] If any part of the delay is attributable to Plaintiff, that portion of the delay shall not be counted in determining whether the Commissioner has adhered to the deadlines imposed.